IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASSELL FREE PLUMBING, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:20-cv-1712-K | |
| § | | |
| MICHAEL B. WHEELER d/b/a § | | |
| HASSLE FREE PLUMBING, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Hassell Free Plumbing, LLC, has filed a Motion for Attorney's Fees, *see* Dkt. No. 28, which United States District Judge Ed Kinkeade has referred to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and recommendation, *see* Dkt. No. 30.

## Background

Plaintiff sued Defendant Michael B. Wheeler d/b/a Hassle Free Plumbing for unfair competition and trademark infringement under the Lanham Act and state common law claims. *See* Dkt. No. 1.

The Court granted Plaintiff's motion for default judgment and found, among other things, that Defendant willfully infringed Plaintiff's trademark rights, this case is exceptional, and Plaintiff is entitled to recover its attorneys' fees and costs under 15 U.S.C. § 1117(a). *See* Dkt. No. 25. The Court explained that it did not have enough information at that time to determine the specific amount of reasonable

attorneys' fees to be awarded and ordered Plaintiff to file a separate motion for reasonable attorneys' fees. *See id.* at 14-15. Specifically, the Court ordered that "Plaintiff shall submit supplemental materials, including an affidavit from its counsel setting out the details that establish a reasonable calculation of attorneys' fees, and such other evidence establishing proof under the Fifth Circuit's standards" in a motion for reasonable attorneys' fees. *Id.* at 22.

Plaintiff then filed the pending motion, seeking attorneys' fees and costs. *See* Dkt. No. 28. The motion is supported by the Affidavit of David W. Carstens, career biographies of Mr. Carstens and James D. Tuck, invoices, and a billing history. *See* Dkt. Nos. 28-3 to 28-7.

The undersigned now concludes that the motion should be granted in part and denied in part.

**Legal Standard**

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the FDCPA). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time

records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

I. <u>Attorneys' Fees</u>

In its motion, Plaintiff seeks $42,9000 in attorneys' fees for a total of 132 hours of work performed by attorneys David Carstens and James Tuck at a requested hourly billing rate for both of $325. But that request is not supported by the evidence before the Court.

First, the billing statement attached to Mr. Carstens' affidavit shows that Plaintiff was charged a total amount of $35,191.50 for legal work. *See* Dkt. No. 28-7 at 6. And, in his affidavit, Mr. Carstens states that the fees charged by his law firm in this lawsuit from its inception through the date the motion to dismiss was filed were $35,191.50. *See* Dkt. No. 28-3 at 5. None of the billing entries show work

performed after that date. *See* Dkt. No. 28-6. The undersigned finds that a recovery in excess of what the Plaintiff actually incurred would be unreasonable.

Second, the attorney hours claimed in the motion are not supported by the billing entries for this matter attached to Mr. Carstens' affidavit. *See* Dkt. No. 28-3. The billing history shows that 132 total hours of work were performed by unidentified timekeepers. *See* Dkt. No. 28-7. But the invoices show that Plaintiff was charged for .4 hours of work performed by Mr. Carstens, 95.6 hours by Mr. Tuck, and 14.5 hours by other timekeepers, for a total of 125 hours. *See* Dkt. No. 28-6.

But, considering Mr. Carstens' experience and the local market rates, the undersigned finds that the requested hourly rate of $325 for both Mr. Carstens and Mr. Tuck is reasonable. Mr. Carstens states in his affidavit that, throughout his entire legal career, his practice has focused primarily on intellectual property, including intellectual property litigation. He is familiar with and has extensive experience in trademark law and has been involved in many trademark lawsuits. He also has taught as an adjunct professor at Southern Methodist University School of Law for over 25 years, teaching courses on copyright law, patent law, legal protection of computer software and international intellectual property law. Mr. Carstens states that Mr. Tuck is also an experienced attorney and that both Mr. Carstens and Mr. Tuck are registered to practice before the United States Patent and Trademark Office.

Mr. Carstens states that he reviewed and was aware of the work performed by others in this case. His current customary hourly fee is $595, but both he and Mr.

Tuck performed services for Plaintiff at a contractually-agreed $325 hourly rate. The rates charged by Mr. Carstens and Mr. Tuck in this case are consistent with or below Dallas area market rates for attorneys with similar experience, skill, and ability handling this type of litigation. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

In its motion for attorneys' fees, Plaintiff does not seek fees for work performed by the other timekeepers. The undersigned assumes that those timekeepers are paralegals because, in the affidavit submitted with the motion for attorneys' fees, Mr. Carstens states that the rates for paralegal timekeepers varied from $225 to $255, which is consistent with the rates reflected on invoices, and, in the affidavit submitted with the motion for default judgment, he states that other timekeepers include "paraprofessionals with significant experience." Dkt. No. 12-7 at 3. But no other mention of them is made in either the motion or the affidavits and there is no evidence in the record from which the undersigned can determine the reasonableness of the rates charged by the other timekeepers.

Accordingly, based on the motion and the supporting documents, the undersigned finds the appropriate lodestar here to be calculated as 96 hours for Mr. Carstens and Mr. Tuck at $325.00 an hour for a total of $31,200. Plaintiff does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

II.  Costs

Plaintiff seeks an award of $3,026.31 for costs, *see* Dkt. No. 28 at 1; Dkt. No. 28-3 at 5, which is the total amount of expenses charged to Plaintiff by its legal counsel, *see* Dkt. No. 28-6; Dkt. No. 28-7 at 6-7. In its brief in support of the motion, it states only that it seeks costs "itemized in Exhibit 5 and Exhibit 6," which are invoices and a billing statement. Dkt. No. 29 at 8.

28 U.S.C. § 1920 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts. *See* 28 U.S.C. § 1920. The United States Supreme Court has ruled that, where an expense is not enumerated in Section 1920, it may be awarded only when explicit statutory authorization to do so can be found in other governing law. *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 529 (5th Cir.2001) (citing *Crawford Fitting Co. v. J. T. Gibbons Inc.*, 482 U.S. 437, 444-45 (1987)). And the Supreme Court has held that the term "costs" as used in Federal Rule of Civil Procedure 54(d) is defined by Section 1920. *See Crawford Fitting,* 482 U.S. at 441-42. Some of the costs at issue here – private process servers, postage, legal research on LexisNexis, and PACER fees – are not included in this enumerated list. *See* 28 U.S.C. § 1920; *see also Marmillion v. Am. Intern. Ins. Co.,* 381 F. App'x 421 (5th Cir. 2010) (in the Fifth Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920"); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp*

*Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("Postage is not included in section 1920 and is not recoverable as a cost."); *Montgomery-Bey v. Southern Methodist University*, No. 3:20-cv-E-BN, 2021 WL 4527257, at *7 (N.D. Tex. Sept. 8, 2021) ("The 'overwhelming weight of authority in this and other circuits' rejects the view that a party can recover costs for computerized legal research.") (quoting *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581-82 (W.D. Tex. 2010) (collecting cases)); *Morguard, LLC v. Rowe*, No. 3:19-cv-1996-M-BN, 2020 WL 1479857, at *5 (N.D. Tex. Feb. 26, 2020) (holding PACER costs were not recoverable because evidence failed to specify that they were not associated with legal research). Plaintiff provides no additional statutory authorization for these costs.

Accordingly, Plaintiff may recover $424 in costs incurred for the filing fee and $24 for photocopies, for a total of $448.

**Recommendation**

The Court should grant in part and deny in part Plaintiff's Motion for Attorneys' Fees [Dkt. No. 28] and award Plaintiff $31,200 for attorneys' fees and $448 for costs, for a total of $31,648.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 20, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE